# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,            Criminal No. 17-107(11) (DWF/TNL)

       Plaintiff,

v.                                 **ORDER AND MEMORANDUM**

Bhunna Win,
a/k/a Bhunna Siriangkhunwanish

       Defendant.

This matter is before the Court on the Government's request for *de novo* review of Magistrate Judge Franklin L. Noel's Order Setting Conditions of Release filed on June 26, 2017, Doc. No 222. (Doc. Nos. 208 & 229.) After the Magistrate Judge ordered Defendant released, the Court granted the Government's request to stay the release pending this Court's expedited review. (Doc. No. 209.) The Government argues that Defendant should not be released because there is no set of conditions that would reasonably assure Defendant's appearance at trial or that Defendant will not abide by the conditions of release. Defendant has not filed an opposition to the Government's motion, but the Court has reviewed Defendant's arguments in support of release that were made to the Magistrate Judge.

Based upon the presentations of counsel, the Court having reviewed the contents of the file in this matter, including the transcript from the June 26, 2017 hearing, the

Magistrate Judge's Order (Doc. No. 222), the Pretrial Services Report, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The Government's Motion for Emergency Stay and for Review and Revocation of Release Order (Doc. No. [208]) is **DENIED**.

2. Magistrate Judge Franklin L. Noel's June 26, 2017 Order Setting Conditions of Release (Doc. No. [222]) is **AFFIRMED**.

Dated: June 29, 2017	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge

**MEMORANDUM**

Defendant Bhunna Win is one of the twenty-one individuals indicted as part of an international sex-trafficking and money-laundering organization. Win has been charged with Conspiracy to Engage in Money Laundering, in violation of 18 U.S.C. § 1956(h). If convicted of this offense, then under the U.S. Sentencing Guidelines, Defendant faces an advisory sentence of between 235 and 240 months in prison.

Broadly, members of the organization operated in roles as traffickers, house bosses, and money launderers. Sometimes, members had overlapping roles, but oftentimes they filled discrete functions. Traffickers would recruit victims from Thailand and facilitate their transport to the United States. The traffickers held a bondage debt over the victims, which was typically between $40,000 and $60,000. Once victims were lured to the United States, they were forced to work long hours—often all day, every day—having sex with strangers to attempt to pay down their bondage debt. Victims typically did not have the ability to choose with whom they had sex, what sex transactions they would engage in, or when they would have sex. (Doc. No. 16 ("Indictment") ¶ 4.)

House bosses would run the day-to-day operations, including advertising victims for commercial sex acts, procuring and maintaining the houses of prostitution, scheduling sex buyers, and ensuring that a portion of the cash was routed back to pay down the victim's bondage debts. (*Id.* ¶ 5b.) In exchange, house bosses retained a significant portion of the cash that the victims received, typically 40%. (*Id.*) House bosses would

also coordinate with traffickers and other house bosses to facilitate the victims' travel to other cities in the United States. (*Id.*)

Money launderers were essential to the organization. The money launderers made their bank accounts available for deposits and then would coordinate withdrawals and transfers. According to the Indictment, the organization has laundered millions of dollars.

Win has sought pretrial release. The Pretrial Services Report[1] recommended that she be detained because: (1) she has foreign ties—she has family and a home in Thailand; and (2) Defendant has uncertain employment. The Magistrate Judge, however, granted conditional release, and the Government appealed. The district court conducts a *de novo* review of release and detention orders. Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3142, courts consider the following factors in assessing the continued detention of a defendant:

    (a)    The nature and circumstances of the offense charged . . . ;

    (b)    the weight of the evidence against the [defendant];

    (c)    the history and characteristics of the [defendant] . . . ; and

    (d)    the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release . . . .

---

[1] The Pretrial Services Report mistakenly included that Win was charged with "crimes involving sex offense/abuse" and crimes "involving a child." At the hearing with the Magistrate Judge, the Government acknowledged that Win was charged only with conspiracy to commit money laundering and not for sex trafficking. Regardless, the allegations do not involve children.

Pretrial detention may be ordered either upon a clear and convincing showing that release would result in a danger to the community or upon a showing by a preponderance of the evidence that the release will result in a serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Additionally, if a court "finds that there is probable cause to believe that the person committed an offense under chapter 77 of [Title 18] for which [the] maximum term of imprisonment [is] 20 years or more," then the court employs a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C § 3142(e)(3)(D).

Here, Win has not been charged with a crime that give rises to the presumption of detention. This fact puts Win in a different position than many of her co-defendants who are charged with Conspiracy to Commit Sex Trafficking by Force, Fraud, and Coercion, in violation of 18 U.S.C. § 1594, a Chapter 77 offense punishable by up to life in prison. As a result, Win does not face a presumption that there is no condition or combination of conditions that will reasonably assure her appearance and the safety of the community. The Government therefore must show by clear and convincing evidence that release would result in a danger to the community or by a preponderance of the evidence that the release will result in a serious risk of flight. Here, the Government argues only that Win is a serious flight risk.

The first factor—the nature and circumstances of the offense charged—weighs in favor of detaining Win. Win has been charged as part of an international sex-trafficking and money-laundering organization. If convicted, Win faces almost 20 years in prison (but only if the Government proves that Win intended to promote sex trafficking by laundering the money). (*See* Indictment ¶ 32(a).) Thus, the gravity of the circumstances and the seriousness of the possible consequences suggest that Win should be detained.

Likewise the second factor—the weight of the evidence against Win—suggests detention is appropriate. The Government avers that $1.2 million was deposited into accounts controlled by Win and that Win transferred more than $1 million outside of the United States to Malaysia and India. This is all while Win was working in food services for a school district in California where she often made less than $10,000 per year. Additionally, the Government presented evidence that Win often traveled internationally. Given this travel and Win's salary, the Government implies, but does not demonstrate, that Win was paid substantially for her role as money launderer. Even without evidence of her pay, however, the Government has shown that there is substantial evidence that Win engaged in a conspiracy to commit money laundering.

The third factor—Defendant's history and characteristics—weighs in favor of release. Win has no prior criminal record and is a legal permanent resident. Before her arrest, Win had been employed for four years. Win has three children, two of whom are minors. And for the last five years, Win has lived with her sister-in-law. Win's husband is a U.S. citizen who was living in Burma (Myanmar), but after Win's arrest, he returned

to the United States. Thus, Defendant's history and characteristics suggest that she is not a danger to the community, nor is she a serious flight risk given her ties to the community and characteristics.

The fourth factor—the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release—weighs in favor of release. Unlike many of her co-defendants, there is no allegation that Win oversaw any of the organization's prostitution or human-trafficking activities. For other co-defendants, the Court has concluded that detention is appropriate if the defendants held prostitution or trafficking roles because those roles necessarily involved violence and carry harsher penalties. Here, in contrast, Win's only role was that of a money launderer. Thus, the Court concludes that the Government has not shown that, if released, Win poses a danger to the community.

Weighing the factors, the Court concludes that Win should be released with the conditions outlined in Magistrate Judge Noel's June 26, 2017 order. Admittedly, this is a close call for the Court. The Government has offered evidence that Win often traveled internationally despite her modest salary. Similarly, the allegations in the Indictment suggest that Win knew that the money that she was laundering was from sex trafficking and prostitution and that Win intended to promote sex trafficking by laundering the money. But the Government has failed to provide any evidence (other than allegations) regarding: (1) how Win joined the conspiracy; (2) whether and how often she interacted with other members; or (3) how much she was paid to launder money. Without this

7

evidence, the Court is left with implications that Win was paid substantially for her role—given the travel—and that Win knew about the trafficking—given the allegations in the Indictment.  The Court, however, cannot rely on inferences and implications.  At bottom, the Government asks the Court to order Win detained because she has access to substantial cash (albeit illicit cash) and she has family and a home in Thailand.  These bases are simply not enough to detain the defendant here:  Win's children and now her husband are here in the United States; Win has lived here for over ten years; and Win has agreed to home detention, an appearance bond, and GPS monitoring.  Thus, the Court concludes that these conditions will reasonably assure Win's appearance.  Accordingly, the Court affirms Magistrate Judge Noel's June 26, 2017 order.

D.W.F.