# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BHUNNA WIN (11),<br><br>Defendant. | Case No. 17-cr-107 (DWF/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Laura M. Provinzino and Melinda A. Williams, Assistant United States Attorneys, United States Attorney's Office for the District of Minnesota, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

JaneAnne Murray, Murray Law LLC, 310 South Fourth Avenue, Suite 5010, Minneapolis MN 55415 (for Defendant Bhunna Win).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Bhunna Win's Motion to Sever. (ECF No. 836). This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Donovan W. Frank, District Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

A hearing was held on August 21, 2018. (ECF No. 850). Both parties briefed this motion prior to the hearing, (ECF Nos. 837, 841), and the motion is ripe for a determination by the Court. Based upon all the files, records, and proceedings herein, the undersigned recommends that Defendant's motion be denied.

### I. MOTION TO SEVER

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). These rules "are liberally construed in favor of joinder." *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994); *Darden*, 70 F.3d at 1526. The propriety of joinder "must appear on the face of the indictment." *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982) (citations omitted).

Rule 8 of the Federal Rule of Criminal Procedure allows for the joinder of offenses and defendants in criminal cases. Under Rule 8(a), offenses may be joined if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Under Rule 8(b), defendants may be joined if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The defendants "may be charged in one or more counts together or separately" and "need not be charged in each count." Fed. R. Crim. P. 8(b); *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) ("Importantly, not every defendant joined must have participated in every offense charged.") (citation omitted).

In general, "persons charged in the same offense should be tried together, especially when proof against them is based upon the same evidence or acts." *United*

2

*States v. Voss*, 787 F.2d 393, 401 (8th Cir. 1986); *United States v. Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996) ("Where codefendants are charged with the same crimes, including conspiracy, and the crimes of the codefendants will be proved by the same evidence, joint trials are generally favored.") (citation omitted). "Trying codefendants together not only conserves scarce time and resources, but also 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (quoting *Darden*, 70 F.3d at 1528).

Here, Win is charged with seven counts of an 11-count indictment. The Third Superseding Indictment contains a lengthy introductory section which provides an overview of the alleged sex trafficking organization and its participants. (Third Superseding Indictment ¶¶ 1–5, ECF No. 830). Generally, the alleged sex trafficking organization "trafficked women from Thailand to cities across the United States, where the women were forced to engage in countless commercial sex acts for the financial benefit of the criminal enterprise. The women did not have freedom of movement and, until they paid off their bondage debts, were modern day sex slaves." (Third Superseding Indictment ¶ 1). The Third Superseding Indictment then goes on the describe the defendants and their roles within the organization. (Third Superseding Indictment ¶ 5). Win is alleged to have served as a money launderer for the commercial sex trafficking organization. (Third Superseding Indictment ¶ 5(c)). The money launderers

> made their bank accounts available and coordinated the deposit of cash generated from commercial sex trafficking into accounts they controlled and then coordinated subsequent withdrawals as well as other transfers of

3

funds, including in amounts greater than $10,000, generally in an effort to conceal the source of the funds, to avoid reporting requirements, and to promote the commercial sex operation.

(Third Superseding Indictment ¶ 5(c)). Because the organization "dealt primarily in cash," it relied upon the money launderers for its successful and continued operation. (Third Superseding Indictment ¶ 5(c)). Moreover, the money launderers coordinated the "procurement and movement of money in and back to Thailand as payment for the bondage debts owed by the trafficking victims, to promote the continued operation of the commercial sex trafficking organization, to conceal the proceeds from the sex trafficking operation, and to avoid reporting requirements." (Third Superseding Indictment ¶ 5(c)). Other members of the organization acted as traffickers which are the person "to whom the victims of sex trafficking owed some or all of their bondage debts," (Third Superseding Indictment ¶ 5(a)), "house bosses" who owned houses of prostitution in apartments, hotels, houses, or massage parlors, (Third Superseding Indictment ¶ 5(b)), and "facilitators" who rented houses, aided in the transport of trafficking victims, entered into fraudulent marriages to gain immigration status for high-level members of the organization, and assisted with money laundering activities, (Third Superseding Indictment ¶ 5(d)).

Again, Win is charged with seven counts of the 11-count indictment. In Count 4, Win is charged with conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956. (Third Superseding Indictment ¶¶ 31–33). Specifically, Win and her co-conspirators are asserted to have engaged in financial transactions using proceeds of the unlawful activities of transportation for prostitution and sex trafficking. (Third

4

Superseding Indictment ¶ 32). In Count 6, Win is charged with an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960. (Third Superseding Indictment ¶¶ 42–44). In Counts 7 through 11, Win is charged with engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. (Third Superseding Indictment ¶¶ 45–46). Specifically, the Third Superseding Indictment details five monetary transactions in property derived from transportation for prostitution and sex trafficking. (Third Superseding Indictment ¶ 46).

With respect to the counts of the Third Superseding Indictment in which Win is not charged, they cover the underlying conspiracy to commit sex trafficking (Count 1), sex trafficking by use of force, threats of force, fraud, and coercion (Count 2), conspiracy to commit transportation to engage in prostitution (Count 3), and conspiracy to use a communication facility to promote prostitution (Count 5). (Third Superseding Indictment *passim*).

The Government alleges Win participated in a criminal sex trafficking organization as a money launderer. In this role, Win is alleged to have further perpetuated the organization's activities by serving as an outlet for its cash-based income and facilitating the bondage debt system used to control the trafficked victims. Win is charged with the majority of the counts in the Third Superseding Indictment—which all concern monetary activities—and the remaining counts relate to the source of the money handled by Win, that is, the commercial sex activities of the sex trafficking organization, activities Win purportedly aided through her financial acumen. As such, evidentiary proof against Win and her co-defendants will be related because the Government will need to prove the

5

links of the conspiracy between Win and her co-defendants and the sources of the money handled by Win, particularly where the Government alleges there are various financial entities and cash flows involved in order to obfuscate the parties' actions and sources of income. Thus, joinder of offenses and defendants was proper under Rule 8 given the common scheme and acts alleged.

Although Rule 8 permits joinder, "a trial court may order separate trials on different counts, or sever certain defendants' cases from others', to protect defendants' fair-trial rights." *Delpit*, 94 F.3d at 1143 (citing Fed. R. Crim. P. 14(a); *Darden*, 70 F.3d at 1527). Where multiple defendants have been charged in the same indictment, "there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice." *Hively*, 437 F.3d at 765 (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *United States v. Cooper*, 2006 WL 2095217, at *2 (N.D. Iowa 2006) ("There is a presumption against severing properly joined cases, and such presumption is a 'strong' one.") (citing *Delpit*, 94 F.3d at 1143). The party seeking severance has the burden of showing a clear likelihood of prejudice. *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). Moreover, "[s]everance is never warranted simply because the evidence against one defendant is more damaging than against another." *Hively*, 437 F.3d at 765. This remains true even if severance might increase the likelihood that a defendant will be acquitted. *Id.*; *United States v. Anthony*, 565 F.2d 533, 538 (8th Cir. 1977).

Win asserts that failure to sever her trial from that of her co-defendants presents a prejudicial concern in that the jury will be unable to compartmentalize the evidence related to the alleged sex trafficking conduct of her co-defendants. "Prejudice can be

6

demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a 'prejudicial spillover effect.'" *Hively*, 437 F.3d at 765 (quoting *Mickelson*, 378 F.3d at 817). Where there is only some risk of prejudice by joinder, proper jury instructions can cure the risk of prejudice. *Zafiro*, 506 U.S. at 540; *Mickelson*, 378 F.3d at 818 ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."); *see also United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) ("In our consideration of the jury's ability to compartmentalize the evidence against the joint defendants, we consider 1) the complexity of the case; 2) if one or more of the defendants were acquitted; and 3) the adequacy of admonitions and instructions by the trial judge.").

Here, Win notes that she is not charged with sex trafficking and asserts there is no evidence that she knew individuals sending money through her were involved in trafficking women for prostitution or engaged in commercial sex activities. (ECF No. 837, at 12). Win claims a limiting instruction will not suffice because the "wealth of negative evidence relating" to her co-defendants will "overwhelm the evidence as to Ms. Win's alleged money transmitting activities, and thus present the substantial risk that she be convicted merely by association." (ECF No. 837, at 13). The Government points out, in response, that Win has failed to detail "the numerous steps she took to conceal her illegal money laundering activities from detection by law enforcement, including accepting bulk cash from co-defendants, utilizing a rotating number of bank accounts, and instructing others to structure deposits at low levels so as not to attract attention from the authorities." (ECF No. 841, at 5).

As noted above, evidentiary proof against the defendants will likely be the same because the Government will need to prove the links of the conspiracy between Win's money laundering activities and the underlying criminal activities which generated the money. As the Government points out, Win's charges are based on specified unlawful activities—transportation for prostitution and sex trafficking—that will necessarily require the Government to prove those underlying offenses at trial, even if Win's trial is severed from her co-defendants. And despite Win's arguments that she had no knowledge that the money she was handling was proceeds of illegal activities, "the test is what the indictment charges, not what the evidence shows." *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998). Indeed, as the Seventh Circuit noted, "[t]he simplest case for joinder is where the defendants are charged with having conspired with each other, period." *Id.* Moreover, courts have rejected similar motions to sever by defendants charged with money laundering seeking separate trials from their co-defendants who committed different criminal activities. *See, e.g.*, *id.*; *see also United States v. Conway*, 2012 WL 5425316, at *2–*3 (E.D.N.C. Nov. 6, 2012); *United States v. Coleman*, 1997 WL 135694, at *2 (E.D. Pa. Mar. 12, 1997).

Because evidence relating to the underlying crimes will need to be introduced against Win whether she is tried with her co-defendants or tried separately, the benefits of a joint trial in this case are compelling. All defendants are charged with conspiring together. A joint trial outlining the entirety of the conspiracy's operations will give the jury the best perspective on all the evidence, increasing the likelihood of a correct outcome. Moreover, this Court finds that adequate jury instructions and admonitions by

the trial judge would be sufficient in this case to assist the jury's ability to compartmentalize the evidence and prevent prejudice. As such, Win has not demonstrated a clear likelihood of prejudice arising from a joint trial.

The Court finds that joinder of defendants and offenses is proper. The benefits of a joint trial are compelling and a joint trial will also conserve scarce judicial time and resources. Defendants are charged in a long-running and wide-ranging conspiracy involving various levels of activities. The overlapping and intertwined nature of the evidence, presented in a joint trial will give the jury the best perspective on that evidence, increasing the likelihood of a correct outcome. Win has not demonstrated a clear likelihood of prejudice. Therefore, this Court recommends that Win's motion to sever be denied without prejudice.

[Continued on next page.]

## II. RECOMMENDATION

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Win's Motion to Sever, (ECF No. 836), be **DENIED WITHOUT PREJUDICE**.

Date: August 31, 2018              *s/ Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *United States v. Win (11)*
                                   Case No. 17-cr-107 (DWF/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.