UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-107-11 (DWF/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BHUNNA WIN,
a/k/a Bhunna Siriangkhunwanish,
a/k/a J'Yung,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Bhunna Win, a/k/a Bhunna Siriangkhunwanish, a/k/a J'Yung (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Count 6 of the Third Superseding Indictment, which charges the defendant with running an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(A), and 1960(b)(1)(B). The defendant fully understands the nature and elements of the crime with which she has been charged. At the time of sentencing, the government agrees to move to

SCANNED
CLK
SEP 1 3 2018
U.S. DISTRICT COURT ST. PAUL

dismiss the remaining counts of the Third Superseding Indictment against the defendant.

2.   **Factual Basis.**  The defendant is pleading guilty because she is in fact guilty of Count 6 of the Third Superseding Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

From on or about January 2014 and continuing through her arrest in May 2017, in the District of Minnesota and elsewhere, the defendant did knowingly conduct, control, manage, supervise, direct, and own all or part of one or more money transmitting businesses that affected interstate and foreign commerce and failed to comply with the money transmitting business registration requirements under 31 U.S.C. § 5330 and regulations prescribed under such Section, in violation of 18 U.S.C. §§ 1960(a), 1960(b)(1)(A), and 1960(b)(1)(B).

Beginning at least as early as January 2014 and continuing through on or about May 24, 2017, Bhunna Win operated a business in San Diego called Excel Intertrade out of her personal residence. During that time period, defendant used Excel Intertrade, and numerous bank accounts in the name of Excel Intertrade, as well as her personal accounts, to operate her unlicensed money transmitting business as defined in 31 C.F.R. § 103.11. Neither the

defendant nor any entity under her control, including Excel Intertrade, was licensed to engage in the business of providing money transmission services in California, Minnesota, or with the U.S. Department of the Treasury Financial Crimes Enforcement Network. The business would transmit cash for more than one person in one day in an amount greater than $1,000 and did not have a federal license to do so.

The defendant predominantly assisted in transmitting money for two co-conspirators, co-defendants Natchanok Yuvasuta and Nattaya Leelarungrayab. The total amount of money transmitted by the defendant without a license for Yuvasuta, Leelarungrayab, and others in the conspiracy was at least $749,283.97.

The actions of the defendant were in all respects knowing, voluntary, and intentional, and were not committed by mistake, accident or other innocent reason.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any additional pre-trial motions in this case.

4. **Statutory Penalties.** The defendant understands that Count 6 of the Third Superseding Indictment (Running an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960) carries the following maximum statutory penalties:

    a.    a maximum period of imprisonment of 5 years;

    b.    a maximum term of supervised release of 3 years;

    c.    a maximum fine of $250,000 or twice the gross gain to the defendant or the gross loss to any person other than the defendant;

    d.    restitution in an amount to be determined by the Court; and

    e.    a mandatory special assessment of $100.

5. **Revocation of Supervised Release.** The defendant understands that if she were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States

Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

### COUNT 6: Unlicensed Money Transmitting Business

a. <u>Guidelines Range</u>. The parties stipulate and agree that U.S.S.G. § 2S1.1 is applicable to the instant case. The parties agree that the base offense level is **8** plus **14**, totaling **22**, which corresponds to the value of the money transmitted. U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(H).

b. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by **4** levels pursuant to U.S.S.G. § 2S1.1(b)(2)(C). The parties agree that no other specific offense characteristics apply.

c. <u>Chapter 3 Adjustments</u>. The parties agree that other than acceptance of responsibility, no Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2**-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of her intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1**-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing. The adjusted offense level is **23**.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. <u>Guidelines Range</u>. If the adjusted offense level is **23**, and the criminal history category is **I**, the Sentencing Guidelines range is **46** to **57** months of imprisonment.

g. <u>Fine Range</u>. If the adjusted offense level is **23**, the Sentencing Guidelines fine range is $20,000 to $1,498,568. U.S.S.G. §§ 5E1.2(c)(2)-(4).

h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of between one and three years. U.S.S.G. § 5D1.2(a)(2).

i. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for departure and/or variance from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

7. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls

solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment.** The United States Code and the Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to 18 U.S.C. § 3013 and U.S.S.G. § 5E1.3. The defendant agrees that the $100 special assessment is due and payable at the time of sentencing.

9. **Restitution and Disclosure of Assets.** The defendant agrees not to oppose the Court's entry of an order that she pay restitution to the United States. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, forfeiture, and fines ordered by the Court. The defendant agrees to complete a financial statement fully and truthfully before the date of sentencing.

10. **Forfeiture.** The defendant agrees to forfeit to the United States any property, real or personal, involved in the violation of Count 6 of the Third Superseding Indictment, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). The defendant understands that forfeiture is mandatory for the offense to which she is pleading guilty. The defendant agrees to forfeit the following assets and properties, which were involved in the commission of Count 6 of the Third Superseding Indictment and/or are traceable thereto:

   a. $8,481.87 seized from the defendant's JP Morgan Chase account ending in 2360;

   b. $17,020.50 seized from the defendant's Bank of America account ending in 9943;

   c. $24,874.40 seized from the defendant's Apex Clearing account ending in 1065;

   d. $1,303.51 seized from the defendant's Wells Fargo account ending in 8360;

   e. $38,651.98 seized from the defendant's Wells Fargo account ending in 4155;

   f. $14,054.68 seized from the defendant's Wells Fargo account ending in 5687;

   g. $118.08 seized from the defendant's Wells Fargo account ending in 1716;

   h. $28,374.19 seized from the defendant's Wells Fargo account ending in 1708;

i. $2,029.76 seized from the defendant's Wells Fargo account ending in 2439;

j. $29,000 in U.S. currency seized from the defendant's safety deposit box at JP Morgan Chase at 4111 Governor Drive, San Diego, California;

k. $60,375 (appraised value) of jewelry seized from the defendant's home in San Diego, California; and

l. Eighteen electronic devices seized during the defendant's May 24, 2017 arrest and search of her home, to wit: (1) an Asus Digital Storm with s/n 13349707; (2) an Apple iPhone model A1332; (3) an MSI Laptop; (4) a "Mini" car thumb drive; (5) a Samsung phone model GT-E1200Y with s/n R21F62PCWEV; (6) a ZTE phone model Z432 with s/n 9B050821170B; (7) a BLU phone model A010U with s/n LS1546555312; (8) an Apple MacBook Air A1465 with s/n C02PP14QGFWL; (9) an Apple iPhone model A1784 with s/n F2LSF423HFYJ; (10) an Apple iPad model A1567 with s/n DMPNKAXGG5YR; (11) an Apple iPhone model A1634 with s/n C39QLBHGRXK; (12) an Oppo A33 Android phone; (13) a Microsoft Surface with s/n 006729450752; (14) a Verbatim external HD with s/n JA308Y060374; (15) a Kingston Wi-Drive with s/n JXS132302771; (16) an X-Media external HD with s/n EN225012110500; (17) a Kingston 1 GB MicroSD; and (18) a Seagate Backup Plus with s/n NA7ERHCL.

Payment of a money judgment forfeiture is an express, material term of this plea agreement. The defendant consents to entry of a money judgment forfeiture in the amount of $525,000.00 ($749,283.97 in loss, less the U.S. currency seized and approximate value of the jewelry seized from the defendant, including her accounts and contents of her safety deposit box), and agrees that the amount of money involved in her money transmitting activities in Count 6 of the Third Superseding Indictment equals or exceeds $749,283.97.

The defendant agrees to pay $525,000.00 in satisfaction of agreed-upon money judgment forfeiture prior to the entry of the defendant's guilty plea. The United States agrees that, if the defendant makes the above-described $525,000.00 payment prior to or at her guilty plea, it will not seek forfeiture of any assets other than that $525,000.00 payment and the assets referred to above as items a-l from the defendant in connection with this case.

The defendant waives any defenses or challenges to this forfeiture sanction arising under the Constitution or Fed. R. Crim. P. 32.2 and agrees that she will not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. The defendant also waives her right to file a petition in any ancillary proceeding for property forfeited from any other defendant in this matter.

The United States Attorney's Office for the District of Minnesota ("USAO-MN") agrees to take the appropriate steps to recommend to the Money Laundering and Asset Recovery Section of the Department of Justice ("MLARS") that the net forfeited value of all assets forfeited from the defendant in this matter be applied to the restitution judgment against the defendant, up to the amount of any such restitution judgment. The defendant acknowledges that, pursuant to 28 C.F.R. § 9.1(b)(2), the authority to return the proceeds of forfeited assets to crime victims is delegated to the Chief of

MLARS, and the USAO-MN's recommendation does not guarantee that such request will be approved.

11. **Waiver of Trial Right.** The defendant understands that she has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial. The defendant understands that by pleading guilty she surrenders this right.

12. **Waivers of Appeal and Collateral Attack.** The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the defendant's sentence. In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

13. **Waiver of Venue.** Recognizing that the criminal conduct in this case occurred in the State and District of Minnesota, as well as in various other states and districts in the United States, and in the country of Thailand, the

11

defendant waives all rights to challenge venue in the State and District of Minnesota.

14.     **FOIA Requests.**  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15.     **Collateral Consequences.** The defendant understands that pleading guilty may have consequences with respect to her immigration status, including removal or deportation. The defendant understands that no one, including her attorney, the Assistant United States Attorney or the District Court, can predict to a certainty the effect of her conviction on her immigration status. Regardless of any immigration consequences that may follow from her guilty plea, even automatic removal or deportation from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

16.     **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ERICA H. MacDONALD
United States Attorney

Date: September *13*, 2018

BY: LAURA M. PROVINZINO
MELINDA A. WILLIAMS
Assistant United States Attorneys

Date: September 13, 2018

_____
BHUNNA WIN
Defendant

Date: September 13, 2018

_____
JANEANNE MURRAY, Esq.
Counsel for Defendant